IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Alice Pausig,         )<br>                       )<br>        Plaintiff, )<br>                       )<br> vs.                   )<br>                       )<br>Midwest Telemark International, Inc.,  )<br>                       )<br>        Defendant.  ) | **CIVIL NO.** _____<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW, the Plaintiff, above named, and for her cause of action against the Defendant, alleges as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff Alice Pausig is a resident of Kenmare, North Dakota.

2. Defendant Midwest Telemark International, Inc. is a North Dakota corporation doing business in Mohall, North Dakota and at all times mentioned herein is an employer within the meaning of the North Dakota Human Rights Act (N.D.C.C. ch. 14-02.4) and Title I of the Americans with Disabilities Act of 1990, as amended in its employment decisions and policies.

3. This Court has jurisdiction over this matter as this matter involves a federal question based upon Title I of the Americans with Disabilities Act of 1990, as amended.

### II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

4. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

5. On or about August 1, 2007, Defendant Midwest Telemark International, Inc. hired Plaintiff Alice Pausig as an Account Representative.

6. Plaintiff Alice Pausig was, at the time of hire, and is a quadriplegic. She is wheelchair bound and only has the use of one hand. Plaintiff does not drive. Defendant was well aware Plaintiff's disability.

7. In 2011, Defendant Midwest Telemark International, Inc. added data entry to Account Representatives' duties.

8. When training started Plaintiff was in Rochester, Minnesota attending doctor's appointments that were related to her disability. She missed two days of training. Defendant did not reschedule any training for Plaintiff. Instead, Plaintiff was expected to learn as she went. Because of Plaintiff Alice Pausig's disability and because Plaintiff was absent during training, Ms. Pausig asked for more time in learning the software program and additional time in inputting the data. Plaintiff's request for a reasonable accommodation was denied.

9. Plaintiff Alice Pausig's was laid off on or about September 28, 2011, and subsequently terminated on or about November 4, 2011.

10. Defendant refused to recognize the North Dakota Human Rights Act (N.D.C.C. ch. 14-02.4) and Title I of the Americans with Disabilities Act of 1990, as amended in its employment decisions and policies.

11. On March 22, 2012, Plaintiff filed a charge of discrimination against Defendant with the North Dakota Department of Labor("DOL").

12. The DOL investigated the claim under both North Dakota and federal law.

13. The DOL, on February 13, 2013, issued a finding that indicated suit must be commenced within 90 days.

14. Plaintiff has commenced suit within the 90 day period.

## COUNT I
## DISCRIMINATION UNDER FEDERAL LAW

15. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

16. In 2011, Defendant Midwest Telemark International, Inc. added data entry to Account Representatives' duties.

17. When training started Plaintiff was in Rochester, Minnesota attending doctor's appointments that were related to her disability. She missed two days of training. Defendant did not reschedule any training for Plaintiff. Instead, Plaintiff was expected to learn as she went. Because of Plaintiff Alice Pausig's disability and because Plaintiff was absent during training, Ms. Pausig asked for more time in learning the software program and additional time in inputting the data. Plaintiff's request was denied.

18. Plaintiff Alice Pausig's was laid off on or about September 28, 2011, and subsequently terminated on or about November 4, 2011.

19. Defendant is an employer and is liable for discriminatory practices.

20. Plaintiff's termination was motivated by her disability.

21. Proximately, directly and solely as a result of Defendants discrimination against Plaintiff, Plaintiff suffered damages including loss of salary, benefits and other compensation.

22. All of the actions of the Defendants constituted race discrimination under the Federal law.

## COUNT II
## DISCRIMINATION UNDER THE
## NORTH DAKOTA HUMAN RIGHTS ACT

23. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

24. In all relevant times, North Dakota Century Code Chapter 14-02.4 governs human rights and North Dakota Century Code Chapter 14-02.4-02 defines discriminatory practice.

25. Defendant, as a corporate entity, is an "employer" of Plaintiff as that term is

defined at §14-02.4-02(8), N.D.C.C., and Defendant is liable to Plaintiff for a discriminatory practice pursuant to Section 14-02.4-03, N.D.C.C.

26. Defendant, Midwest Telemark International, Inc., by discriminating against persons because of their disability, are liable under the North Dakota Human Rights Act (N.D.C.C. ch. 14-02.4) in its employment decisions and policies.

27. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

## COUNT III
## MENTAL AND EMOTIONAL DISTRESS

28. Plaintiff reasserts each and every matter and thing contained in the preceding paragraphs and incorporates them by reference.

29. Defendants' actions described herein were intentional and inflicted upon Plaintiff's severe mental and emotional distress.

31. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

WHEREFORE, Plaintiff pray for a judgment against the Defendants as follows:

1. For all compensatory and punitive damages with respect to the statutory, tort and contract claims in an amount to be determined at trial but not less than $75,000.00;

2. For Plaintiff's attorneys fees, costs, interest and disbursements incurred herein; and

3. For such other and further relief as the court deems just and equitable.

Dated this 19th day of April, 2013.

LARSON LAW FIRM, P.C.

Mark V. Larson (ID #03587)
ATTORNEY FOR THE PLAINTIFF
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com

## DEMAND FOR TRIAL BY JURY

1. Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

LARSON LAW FIRM, P.C.

Mark V. Larson (ID #03587)
ATTORNEY FOR THE PLAINTIFF
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
(701) 839-1777
larslaw@srt.com